Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Frank R. Trechsel (SBN 312199)
ftrechsel@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIERRE ORPHEUS DEJOURNETTE p/k/a "PD BEATS", an individual,<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSAL MUSIC GROUP, INC., a Delaware corporation d/b/a "INTERSCOPE RECORDS"; JUICE WRLD MUSIC, LLC, a Delaware limited liability company; CARMELLA WALLACE, as personal representative of the Estate of Jarad Anthony Higgins p/k/a "JUICE WRLD"; OPUS MUSIC GROUP HOLDINGS, LLC, a Delaware limited liability company; LUKASZ SEBASTIAN GOTTWALD p/k/a "DR. LUKE", an individual; CHRIS BARNETT p/k/a "CB MIX", an individual; KEEGAN CHRISTOPHER BACH p/k/a "KBEAZY", an individual; and DOES 1-10,<br><br>Defendants. | Case No.:<br><br>**PLAINTIFF'S COMPLAINT FOR**:<br><br>1. DECLARATORY JUDGMENT;<br><br>2. ACCOUNTING OF PROFITS; AND<br><br>3. EQUITABLE RELIEF<br><br>Jury Trial Demanded |

Plaintiff, PIERRE ORPHEUS DEJOURNETTE ("PD BEATS" or "Plaintiff"), by and through his undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## INTRODUCTION

1. Pursuant to 28 U.S.C. § 2201, PD BEATS brings this action for declaratory judgement and equitable relief against Defendants for their exploitation of PD BEATS copyright ownership.

2. PD BEATS is a writer and performer who also creates beats frequently purchased by hip-hop and R&B artists to use in their music.

3. PD BEATS brings this claim to enforce his copyright, contract, and accounting rights for the song "*Not Enough*." PD BEATS did not execute any agreement related to his copyright ownership vis-à-vis the song. As co-author, PD BEATS is entitled to accounting of revenue generated by the composition of the identified songs and his proportional share of said revenue.

4. PD BEATS is seeking declaratory judgement of co-ownership and accounting for Defendants use of PD BEATS' co-owned composition "*Not Enough*", amongst other things, as set forth below.

## JURISDICTION AND VENUE

5. This action arises under the Copyright Act of 1976, Title 17 U.S.C., §§ 101, *et seq*, and Cal. Civ. Code 3344(a).

6. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

7. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

8. PD BEATS is an individual residing in Chicago, Illinois.

9. PD BEATS is informed and believes and thereon alleges that Defendant UNIVERSAL MUSIC GROUP, INC. is a Delaware corporation that does business as INTERSCOPE RECORDS, with headquarters at 2220 Colorado Ave., Santa Monica, California and is doing business within this District.

10. PD BEATS is informed and believes and thereon alleges that Defendant JUICE WRLD MUSIC, LLC is an Delaware limited liability company with headquarters at 2801 S. King Dr., Chicago, Illinois, and is doing business with and in the State of California and this District.

11. PD BEATS is informed and believes and thereon alleges that Defendant CARMELLA WALLACE, as the personal representative of the Estate of Jarad Anthony Higgins p/k/a "JUICE WRLD," is an individual domiciled within this District.

12. PD BEATS is informed and believes and thereon alleges that Defendant OPUS MUSIC GROUP HOLDINGS, LLC is a Delaware limited liability company and is doing business within the State of California and this District.

13. PD BEATS is informed and believes and thereon alleges that Defendant LUKASZ SEBASTIAN GOTTWALD p/k/a "DR. LUKE" is an individual domiciled within this District.

14. PD BEATS is informed and believes and thereon alleges that Defendant CHRIS BARNETT p/k/a "CB MIX" is an individual domiciled within this District.

15. PD BEATS is informed and believes and thereon alleges that Defendant KEEGAN CHRISTOPHER BACH p/k/a "KBEAZY" is an individual domiciled within this District.

16. Defendants Does 1 through 10, inclusive (collectively with those previously named, "Defendants"), are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through

10, inclusive, are presently unknown to Plaintiff, which therefore sue said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

17. PD BEATS is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of PD BEATS' rights and the damages to PD BEATS proximately caused thereby.

### FACTUAL ALLEGATIONS RELATED TO SUBJECT SONG

18. PD BEATS co-authored and co-owns the musical composition titled "*Not Enough*" (the "Subject Song").

19. The Subject Song is considered a "joint work". The Subject Song is a copyrightable work. The Subject Song was created by more than one author, namely PD BEATS and Defendant JUICE WRLD. The Subject Song was created with the shared intent of all collaborators that the contributions would be integrated to create the Subject Song. Without PD BEATS contributions, the Subject Song would be missing key elements that form the basis of the Subject Song's audience appeal.

20. PD BEATS contributed original guitar, performance, and production to the Subject Song in addition to writing the beats and programming the 808s in the Subject Song.

21. PD BEATS is accredited as a "co-author" in the "credits" of the Subject Song. A true and correct screen capture of the Subject Song credits is shown below.

///

///



22. PD BEATS and Defendants equally own the copyrights in the composition of the Subject Song.

23. Because the Subject Song is a "joint work" the co-authors must account to other co-authors for any profits earned from licensing or using the copyright.

24. Defendants have released, marketed, distributed, and monetized the Subject Song without accrediting or providing PD BEATS his proportional share of the revenue.

25. PD BEATS has requested accounting and monies owed from Defendants for their exploitation of the Subject Song, but Defendants have failed to meaningfully respond, necessitating this action.

26. PD BEATS is informed and believes, and based thereon alleges, that Defendants dispute PD BEATS' contentions with respect to the true authorship of the musical composition *Not Enough*.

27. PD BEATS brings this claim under 28 U.S.C. §§ 2201, 2202, requesting this Court to declare PD BEATS co-owner of the Subject Song under 17 U.S.C. § 101, et al.

# FIRST CLAIM FOR RELIEF

(For Declaration of Co-Ownership – Against all Defendants, and Each)

28. PD BEATS repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

29. As a result of the foregoing, there is an actual, justiciable and substantial controversy between PD BEATS and Defendants arising under the Copyright Act, 17 U.S.C. §§ 101 et seq. As a result of this dispute, PD BEATS seeks a declaration of ownership based on joint authorship of the Subject Song, which is a claim that arises under federal copyright law and falls within the exclusive jurisdiction of the federal courts.

30. This action is ripe for declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure as authorized by 28 U.S.C. § 2201. A final ruling by this Court will determine the ownership based on authorship of the Subject Song and will settle the controversy as to each party's ownership of the Subject Song.

31. PD BEATS brings this claim for a judgment declaring that PD BEATS and Defendants jointly authored the musical composition for the Subject Song, and PD BEATS and Defendants are equal co-owners by way of authorship, holding equal undivided interests in the copyright and publishing rights to the musical composition of the Subject Song.

# SECOND CLAIM FOR RELIEF

(For Accounting of Profits 17 U.S.C. § 101 *et al*. – Against all Defendants, and Each)

32. PD BEATS repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

33. Defendants must account to other co-authors for any profits earned from licensing or use of the copyright.

///

34. Defendants have been profiting from the use and licensing of the Subject Song.

35. Defendants have failed to account to co-authors, specifically, PD BEATS, for profits earned from such use and/or licensing.

36. PD BEATS, as co-author and owner, is entitled to accounting for any profits earned from licensing or use of the copyright for Subject Song composition.

### THIRD CLAIM FOR RELIEF

(For Equitable Relief – Against all Defendants, and Each)

37. PD BEATS repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

38. Defendants have been distributing and/or licensing the Subject Song.

39. Defendants have been enriched by failing to account for PD BEATS co-authorship of the Subject Song during the distribution and/or licensing of the Subject Song.

40. Defendants' enrichment was at PD BEATS' expense, specifically by retaining the profits owed to PD BEATS for his co-ownership of the copyright.

41. Under the circumstances, equitable relief is proper to account for the profits owed to PD BEATS that Defendants have wrongfully claimed as their own.

42. PD BEATS is entitled to accounting and disgorgement of all profits earned by Defendants that are attributable to PD BEATS contribution and co-ownership.

### PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

**Against All Defendants, With Respect to Each Claim for Relief**

a. For a judgment declaring that Defendants and Plaintiff jointly authored the musical composition for the Subject Song;

///

b. For judgment declaring that Defendants and Plaintiff are co-owners and co-authors of the Subject Song musical composition;

c. For judgment declaring that Defendants and Plaintiff hold equal undivided interests in the copyright and publishing rights to the Subject Song musical composition;

d. The Defendants provide accounting for all profits earned from the use of the Subject Song;

e. That a trust be entered over the Subject Song, and all profits realized through the sales and distribution of said work;

f. That Defendants, and each of them, be enjoined from any further use of the Subject Song at issue and/or the distribution of any production incorporating same without accounting for Plaintiff's authorship;

g. That Plaintiff be awarded pre-judgment interest as allowed by law;

h. That Plaintiff be awarded the costs of this action; and

i. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: October 17, 2023     By:  */s/ Scott Alan Burroughs*
Scott Alan Burroughs, Esq.
Trevor W. Barrett, Esq.
Frank R. Trechsel, Esq.
DONIGER / BURROUGHS
*Attorneys for Plaintiff*